**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **WESLEY EUGENE THOMPSON** | § | |
| **and BEVERLY A. THOMPSON** | § | |
| *Plaintiffs* | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **CALIBER VALVE AND CONTROLS,** | § | |
| **LLC, AND JACOB P. HATHAWAY** | § | **JURY DEMANDED** |
| *Defendants* | § | |

<u>**PLAINTIFFS' ORIGINAL COMPLAINT**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, Plaintiffs, **WESLEY EUGENE THOMPSON AND BEVERLY A. THOMPSON**, by and through their undersigned attorney, and sues the Defendants, **CALIBER VALVE AND CONTROLS, LLC AND JACOB P. HATHAWAY (hereinafter referred to collectively as "Defendants")**, and in support of such complaint, Plaintiffs would show unto the Court the following:

**I.
<u>PARTIES</u>**

1.      Plaintiff, **WESLEY EUGENE THOMPSON**, is an adult individual, who is a citizen and resident of Deweyville, Newton County, Texas.

2.      Plaintiff, **BEVERLY A. THOMPSON**, is an adult individual, who is a citizen and resident of Deweyville, Newton County, Texas.

3.      Defendant, **CALIBER VALVE AND CONTROLS, LLC ("Caliber Valve")**, is a foreign limited liability company organized under the laws of the State of Louisiana, and is doing business in and throughout the State of Texas, including but not limited to Liberty and Jefferson Counties, Texas.  Caliber Valve may be served with process, pursuant to Rule 4 of the Federal

Rules of Civil Procedure, by and through its registered agent in Texas:  **HR1 Global, LLC, 6330 Waltway Drive, Houston, Texas 77008.   Service *via* certified mail, return receipt is requested.**

4.      Defendant, **JACOB P. HATHAWAY ("Hathaway")**, is an adult individual that resides in Calcasieu Parrish, Louisiana, and is doing business in and throughout the State of Texas, including but not limited to, Liberty and Jefferson Counties, Texas.  Hathaway may be served with process, pursuant to Rule 4 of the Federal Rules of Federal Procedure, by serving him with citation and process may be served on the Secretary of State of the State of Texas – Citations Unit as an agent for service on Hathaway under Section 17.044(b) of the Texas Civil Practice and Remedies Code.  The Secretary of State of the State of Texas – Citations Unit is being served with duplicate copies of process as well as a statement of the name and address of the non-residence home address.  It is requested that the Secretary of the State of Texas serve Hathaway by mailing a copy of the process to the non-resident addressed to: **Jacob P. Hathaway, 5734 Larch Street, Lake Charles, Louisiana 70605.   Service *via* certified mail, return receipt is requested.**

5.      Whenever in this complaint it is alleged that the above-named Defendant, Caliber Valve, committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of the Defendant or was done in the routine, normal course and scope of employment of Defendant, Caliber Valve's officers, managers, directors, vice principals, agents, servants and/or employees.

6.      Plaintiffs have satisfied all conditions precedent and exhausted all administrative remedies afforded to them, in order to bring their claims before this Honorable Court.

## II.
## JURISDICTION AND VENUE

7.      The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest

and costs.

8.      Diversity jurisdiction is invoked pursuant to 28 U.S.C. § 1332, as there is complete

diversity of residence between the Plaintiffs and the Defendants herein.

9.      The incident, which is the subject of this complaint, occurred in the county of Liberty,

State of Texas. This Court has personal jurisdiction over the Defendants in this case because the

Defendants have purposely availed themselves of the privileges and benefits of conducting

business in the State of Texas, including within the Eastern District Court of Texas.

10.     Venue is proper in the Eastern District of Texas – Beaumont Division, as it is the judicial

district in which all or a substantial part of the events or omissions giving rise to the Plaintiffs'

claims occurred in this district and within the Beaumont Division, pursuant to 28 U.S.C. §

1391(b)(2).

## III.
## STATEMENT OF FACTS AND NATURE OF THE CASE

11.     On or about February 19, 2017, near Tarkington Prairie, Liberty County, Texas, on

Highway 105, Plaintiffs, Wesley Eugene Thompson and his wife, Beverly A. Thompson were

injured in an automobile collision that was caused by Mr. Jacob Hathaway, who rear-ended

Plaintiffs' vehicle.[1]  The wreck occurred when the vehicle Hathaway was driving[2], suddenly and

without warning, slammed into the rear-end of Plaintiffs' vehicle severely injuring both Plaintiffs

(wherein Beverly A. Thompson was the restrained driver and Wesley E. Thompson was the

restrained front passenger).   Immediately prior to impact, Plaintiffs' vehicle was stopped or was

---

[1] Plaintiffs' vehicle was a 20158 Chevrolet Silverado 1500 (1/2 ton, 4-door truck).
[2] It is believed that Hathaway was driving a newer model Ford F-250 (3/4 ton, 4-door truck).  This vehicle is believed to be a company truck owned by Defendant, Caliber Valve, but being used by Defendant, Hathaway, with consent of Defendant, Caliber Valve.

stopping at the intersection of Texas Highway 105 and Texas Highway 2518.  At the time of impact, Plaintiffs' vehicle was facing east-bound on Highway 105 heading toward Beaumont, Texas.  Immediately following the wreck, Hathaway admitted to the Plaintiffs that he was distracted and not paying attention to the traffic in front of him and was either texting or talking on his phone at the time of the collision, which caused Hathaway's vehicle to rear-end the Plaintiffs' vehicle.  The wreck resulted in serious and debilitating injuries to plaintiffs' bodies (including but not limited to their necks and backs), which necessitated treatment thereafter and continues to this date.

12.     At the time of the wreck noted above, Hathaway was in the course and scope of his employment with Caliber Valve and was performing work for Caliber Valve at the time of the wreck.  In fact, Hathaway was driving a vehicle that was owned by Caliber Valve, which was involved in the rear-end collision of Plaintiffs' vehicle.

13.     This suit is brought by Plaintiffs for damages to which they are entitled to recover over and from the Defendants, Caliber Valve and Mr. Hathaway, herein as a result of the personal injuries they sustained in the automobile wreck which occurred on or about February 19, 2017 on Highway 105 near Tarkington Prairie, Texas.

14.     The wreck and injuries resulting therefrom, were not caused by or contributed to by Plaintiffs, nor did the same occur through any fault or negligence on behalf of the Plaintiffs, but were solely caused by the negligent acts and/or omissions of Defendant, Hathaway, while in the course and scope of his employment with Defendant, Caliber Valve.

15.     At all material times hereto, Defendant Hathaway was acting in the course and scope of his employment with Defendant, Caliber Valve.  Such being the case, Defendant, Caliber Valve, is vicariously liable to the Plaintiffs for all such acts and omissions of negligence on the part of Defendant, Hathaway, under the theory of *Respondeat Superior.*

16.     In the alternative, Plaintiffs would further show that Defendant, Caliber Valve, is vicariously liable as a "motor carrier" pursuant to 40 C.F.R. § 290.5 for the acts and/or omissions of Defendant, Hathaway.

17.     In the alternative, Plaintiffs would further show that Defendant, Caliber Valve, as a public carrier owed a non-delegable duty to the driving public with regard to safety and financial responsibility; and thus, is liable for the acts and/or omissions of Defendant, Hathaway, pursuant to Restatement 2nd Torts § 428.

18.     The above acts, wrongs, and/or omissions as well as various other acts, wrongs and/or omissions on the part of Defendant, Caliber Valve, amounted to negligence and/or a sole and proximate cause to the occurrence and the injuries and damages suffered to and by Plaintiffs herein.

## IV.
## CAUSES OF ACTION

### A.     Count Number One – Negligence

19.     Given the foregoing facts and allegations, which are incorporated herein by reference, Plaintiffs sustained severe and disabling injuries and damages, which will be set out more fully herein.  The above-referenced wreck and the resulting injuries were brought about to and were proximately caused by the negligence of Defendant, Hathaway, while in the course and scope of his employment with Defendant, Caliber Valve, including but not limited to the following negligent acts and/or omissions:

  a.     in failing to maintain a proper lookout;

  b.     in failing to maintain proper control of the vehicle to which Defendants were operating;

  c.     in failing to give appropriate attention to the operation of Defendants' vehicle;

  d.     in failing to control the speed of Defendants' vehicle;

e.      in failing to make a timely application of the brakes of Defendants' vehicle;

f.      in failing to take evasive action;

g.      in failing to use the care of a reasonably prudent person in the operation of Defendant's vehicle; and

h.      in committing other various acts wrongs and/or omissions of negligence, both statutorily and at common law, to be specified at the time of trial.

20.     In addition, Plaintiffs would show that Defendant, Caliber Valve, is directly liable to Plaintiffs for its own negligence.  In particular, such direct liability herein is truncated upon the legal fees of negligent entrustment, negligent hiring, negligent supervision and negligent retention.  Further, Defendant, Caliber Valve, is directly liable for such other and further negligent acts and/or omissions as will be shown at trial.

21.     All the above-referenced acts, wrongs and/or omissions, as well as various other acts, wrongs and/or omissions on the part of the Defendants amounted to negligence and were the proximate cause of the injuries and damages suffered to and by Plaintiffs, Wesley and Beverly Thompson.

22.     Because Defendant, Hathaway, was in the course and scope of his employment with Defendant, Caliber Valve, at the time of the collision, Defendant, Caliber Valve, is vicariously liable for the negligent acts and/or omissions of Defendant, Hathaway.  All of the above-referenced acts, wrongs and/or omissions as well as various other acts, wrongs and/or omissions on the part of the Defendants amounted to negligence and were the sole and proximate cause of the wreck made the basis of this lawsuit and the injuries and damages sustained to and by the Plaintiffs.

## V.
## DAMAGES

23.     As a result of the wreck made the basis of this lawsuit, Plaintiffs suffered the following

injuries to their bodies generally and further suffered the following damages and/or losses:

       a.       reasonable and necessary medical and other healthcare related expenses, both in the past and in the future;

       b.       physical pain in the past and future;

       c.       mental anguish in the past and future;

       d.       physical impairment in the past and future; and

       e.       physical disfigurement in the past and future.

These injuries, damages and/or losses were brought about to occur and were proximately caused

as a result of the wreck made the basis of this lawsuit.  Plaintiffs have been made to suffer and to

sustain damages, and hereby seeks to recover from the Defendants an amount in within the

jurisdictional limits of this Court.

24.     Plaintiffs further state that if it be shown that they had a preexisting disease and/or

condition, then they will show that same was neither painful nor disabling, and that as a result of

the injuries inflicted upon them by the negligence of the Defendants, Plaintiffs' diseases and/or

conditions were aggravated or incited to the extent that same became painful and disabling, and

proximately caused the damages described above.

25.     Plaintiffs would further show that the negligence of Defendants "either jointly or

severally" constitutes gross negligence.  Such being the case, Plaintiffs are entitled to and hereby

sues for, recovery of punitive damages over from the Defendants herein.

**VI.**
**REQUEST FOR INTEREST AND COSTS**

26.     Plaintiffs also assert a claim for pre-judgment and post-judgment interest and court costs for all elements of damages that such interest is allowed.

**VII.**
**JURY DEMAND**

27.     Plaintiffs hereby demand a trial by jury.

**VIII.**
**INITIAL DISCLOSURES**

28.     Under Rule 26(a) of the Federal Rules of Civil Procedure, Plaintiffs request that Defendants submit their initial disclosures of the information or materials described in Rule 26(a).

**IX.**
**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final trial of this case judgment be entered in favor of Plaintiffs and against Defendants, for compensatory damages in the amount within the jurisdictional limits of this Court; for exemplary damages; for all pre-judgment and post-judgment interest as allowed by law and equity; for all costs of court; and for such other and further relief to which the Plaintiffs may show themselves justly entitled to receive at law or in equity.

Respectfully submitted,

**KEBODEAUX, HARGRODER & ALEXANDER, L.L.P.**

By:    */s/ Casey H. Hargroder*
           CASEY H. HARGRODER
           State Bar No. 24050718
           H. SCOTT ALEXANDER
           State Bar No. 00793247
           2905 Toccoa Street
           Beaumont, Texas 77703
           (409) 832-0347 – Phone
           (409) 838-0167 – Facsimile
           chargroder@khalaw.com
           salexander@khalaw.com

**ATTORNEYS FOR PLAINTIFFS,**
**WESLEY EUGENE THOMPSON AND**
**BEVERLY A. THOMPSON**